JOE SHIELDS IN PRO PER
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
antitelemarketer@gmail.com

United States Courts
Southern District of Texas
FILED

OCT 13 2026

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS<br><br>Plaintiff<br><br>vs.<br><br>DAN GOEB PATRICK INDIVIDUALLY AND JOHN DOE ROBOTEXT BLASTER<br><br>Defendants | CIVIL ACTION No. 4:26cv8986<br><br>COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF<br><br>JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200, Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 and the Common Law Torts of Trespass to Chattels Restatement 2nd Torts §217 and Intrusion Upon Seclusion Restatement (2nd) of Torts, §652B to obtain statutory monetary damages, common law monetary damages, a permanent injunction and all equitable relief the Plaintiff is entitled to under the TCPA, TB&CC and Common Law.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. This court has personal jurisdiction over the Defendant Dan Goeb Patrick because the violations of Federal and State law and Common Law Trespass to Chattels and Intrusion Upon Seclusion were committed in this district.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas. Plaintiff's cell phone number is in area code 281 which is in this district.

## ARTICLE III STANDING

4. Plaintiff has suffered concrete injuries through the making of the unwanted and unauthorized robotexts to Plaintiff's cellular telephone number. All unwanted and unauthorized robotexts negatively affects Plaintiff's private property and privacy.

5. The Defendant's unwanted and unauthorized robotexts invaded Plaintiff's private property and privacy and caused the Plaintiff to suffer actual harm, nuisance, aggravation, to waste

precious time in responding to the robotexts, caused the Plaintiff to suffer lost value of the cellular services Plaintiff pays for, used up space on Plaintiffs cell phone and caused the Plaintiff to suffer a loss of the use and enjoyment of his cell phone including wear and tear to his cell phones data, memory, software, hardware and battery among other harms. Plaintiff's concrete injuries are ongoing and redressable by this Honorable Courts power to grant statutory monetary damages and permanent injunctive relief.

PLAINTIFF

6. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber and has had his current cell phone number since March of 2013. Plaintiff's cell phone number is 281-704-8697. Plaintiff is 75 years old and is going blind from macular degeneration. Plaintiff also suffers from degenerative disc disease which makes it hard for Plaintiff to walk at times. Additionally, Plaintiff suffers from acute panic attacks brought on by taking Chantix a stop smoking medication. Plaintiff is a retired NASA contractor engineer and deserves to live his last few golden years free of the intrusion and harassment of unwanted and unauthorized robotexts.

7. Plaintiffs cell phone is for his personal use and is used to communicate with his friends and his family and no one else period. Plaintiff has never asked for anyone outside of his

family and friends to send any texts to his cell phone. Plaintiff has a landline telephone number which is used generally for doctor appointments, auto dealer appointments, bank notifications and transactions, etc.

8. Prior to the events complained about, Plaintiff did not seek contact with the Defendant Dan Goeb Patrick or anyone acting on his behalf. Further, Plaintiff has never provided prior express consent to the Defendant Dan Goeb Patrick or anyone acting on his behalf or in concert with the Defendant Dan Goeb Patrick for robotexts to be sent to Plaintiff's cellular telephone number 281-704-8697.

DEFENDANTS

9. Dan Goeb Patrick (hereinafter "Patrick") is a politician who is seeking reelection as Lieutenant Governor of the State of Texas. Consequently, Defendant Patrick knows that the law prohibits robotexts sent using an automatic telephone dialing system without consent of the recipient. Defendant Patrick admits on his web site privacy policy that he has intimate knowledge of the TCPA and TB&CC robotext proscriptions. See: danpatrick.org/privacy-policy Compliance with Applicable Laws and Guidelines.

10. The robotexts were sent either by Defendant Patrick himself or someone acting under his authority and on his behalf. The

Defendant Patrick may be served by serving him at his personal residence in Cypress, Texas.

11. The John Doe Robotext Blaster (hereinafter "Robotext Blaster") is currently unknown but is expected to be identified through discovery.

THE ROBOTEXTS

12. SMS Text messages also referred to as robotexts are "automatically dialed calls" as defined by the TCPA, the FCC, the majority of courts that have had the opportunity to entertain similar claims and with specificity a Texas law. See TB&CC 304.002(10)(c). ""Telephone call" means a call … …including a transmission of a text…" The TCPA prohibits making robotexts using an automatic telephone dialing system (hereinafter "ATDS") to cell phone numbers without prior express consent of the called party or an emergency purpose.

13. The Defendant Patrick or someone acting on his behalf used an especially pernicious form of robotext to promote his reelection campaign: transmitting unwanted and unauthorized robotexts to Plaintiff's telephone using an ATDS without the required prior express consent of the Plaintiff.

14. The unwanted and unauthorized robotexts were sent to Plaintiff's cellular telephone number 281-704-8697 on September 15th, 2026 at 10:34 a.m. from CID 832-906-4461, September 25th 2026 at 10:03 a.m. from CID 832-906-4461, on October 1st, 2026 at 09:59 a.m.

from CID 832-905-1979 and October 9th, 2026 at 10:45 a.m. from CID 832-905-1979. Both CID numbers are landline number which are assigned to the Defendant robotext blaster. Both CID numbers are mass texting enabled landlines. The robotexts were not sent from any personal cell phone or any personal cell phone number. Calling CID number 832-906-4461 or CID 832-905-1979 reaches a constant busy signal.

15. Plaintiff responded to Defendants 09/15/26 robotext with "Who is this?" and received no response. Plaintiff then responded to Defendants robotext with "Hello any human there?" and again received no response. Plaintiff then responded to Defendants robotext with "Don't ever robotext me again!" If a human being had sent the robotext they would have reacted in some manner to Plaintiffs responses to the robotext.

16. Plaintiff responded to Defendants 09/25/26 robotext with "Who is this?" and received no response. Plaintiff then responded to Defendants robotext with "Hello any human being there?" and again received no response. Plaintiff then responded to Defendants robotext with "Don't you and your robotext blaster ever robotext me again!" If a human being had sent the robotext they would have reacted in some manner to Plaintiffs responses to the robotext.

17. Plaintiff responded to Defendants 10/01/26 robotext with "Who is this?" and received no response. Plaintiff then responded to

Defendants robotext with "Hello any human being there?" and again received no response. Plaintiff then responded to Defendants robotext with "Don't you and your robotext blaster ever tobotext[1] me again!" If a human being had sent the robotext they would have reacted in some manner to Plaintiffs responses to the robotext.

18. Plaintiff responded to Defendants 10/09/26 robotext with "Who iscthis?", "Who is this," and "Who is this?" and received no response. Plaintiff the responded with "Hello any human being there? and again received no response. Plaintiff then responded with "Don't you or your robotext blaster ever robotext me again!" and again received no response. If a human being had sent the robotext they would have reacted in some manner to Plaintiffs responses to the robotext.

19. The 09/25/26 robotext was sent to Plaintiff's cell phone number after Plaintiff postal mailed with delivery confirmation a cease-and-desist letter at a cost of $12.90 and emailed a demand that the Defendant stop robotexting Plaintiff's cell phone number. The letter was delivered to the Defendant Patrick's home address and his personal email address on 09/19/26.

20. The 10/01/26 robotext was sent to Plaintiff's cell phone number after Plaintiff postal mailed with delivery confirmation a 2nd cease-and-desist letter at a cost of $12.90 and emailed a demand

---

[1] Typos in the responses are due to Plaintiff's failing eyesight.

that the Defendant stop robotexting Plaintiff's cell phone number. The letter was delivered to the Defendant Patrick's home address and his personal email address on 09/29/26.

21. The 10/09/26 robotext was sent to Plaintiff's cell phone number after Plaintiff postal mailed with delivery confirmation a 3rd cease-and-desist set of letters at a cost of $25.80 and emailed a demand that the Defendant stop robotexting Plaintiff's cell phone number. The letters were delivered to the Defendant Patrick's home address, his office in Austin and his personal email address and state issued email address on 10/04/26.

22. Plaintiff has spent at least 8 hours of his time on processing Defendants robotexts. Plaintiff has spent $51.60 in his attempts to stop the robocalls.

23. Defendants changed the CID number after the first two robotexts to intentionally thwart consumer attempts to block the CID 832-906-4461.

24. The robotexts were clearly and unequivocally sent using an ATDS which is a violation of the TCPA, TB&CC and Common Law. The actual dialing of Plaintiff's cell phone number was completely automated.

25. There was no affirmative **manual** (emphasis added) dialing of Plaintiff's cell phone number by any click agent. If a click agent did not engage in affirmative manual dialing, then the dialing system is an ATDS as defined by the statute, the Federal

Communications Commission (hereinafter "FCC") and Supreme Court precedent. In reality, Plaintiff believes that in many circumstances such as this there is no human click agent involved in the automatic transmission of the robotexts.

26. The dialing system used by the Defendants, has the **capacity** (emphasis added) to sequentially or randomly store, produce, harvest or generate Plaintiff's telephone number. The Defendant's dialing system has the capacity of texting thousands of numbers either randomly, sequentially and/or from a stored database at any time. The automated dialing system used by the Defendant has the capacity of sending robotexts to thousands of numbers either randomly, sequentially and/or from a stored database of cell phone telephone numbers.

27. Lists containing cell phone numbers were purchased by the Defendant Patrick or someone acting on his behalf. The purchased list was generated and arraigned either sequentially or randomly. The purchased list was ten loaded into the Robotext Blasters mass texting system either sequentially or randomly. The robotext mass texting system then automatically dialed the sequential or randomly generated call list. The automatic telephone dialing system used by Defendants to blast thousands of scripted and impersonal robotexts meet the definition of ATDS under the TCPA, FCC rules and Supreme Court ruling.

## THE TCPA

28. Text messages also referred to as robotexts are "automatically dialed calls" as defined by the TCPA, the FCC, the majority of courts that have had the opportunity to entertain similar claims and with specificity a Texas law. See TB&CC 304.002 (10)(C). The TCPA prohibits making robotexts to cell phone numbers without prior express consent of the called party or an emergency purpose.

29. Recently, entities seeking to circumvent the TCPA have claimed that a perfunctory human intervention magically converts an automatic dialing system into a manual dialing system. Such reasoning is absurd as human intervention must power up any automatic dialing system before it can be used which does not convert an ATDS to a manual dialer. Further, there is no human intervention exemption in the TCPA and the FCC did not have the authority to create a human intervention exemption which does not exist in the statute.

30. All automated calls, including robotexts, made to cellular telephone numbers are prohibited by the TCPA without consent of the called party or emergency purpose. Inserting a perfunctory human to make one step of an automated process does not convert the system into a manually dialing system.

31. The proscription on robotexts without consent of the called party or an emergency purpose applies to all text messages regardless of the merit of the message. That includes text

messages for political, charity, debt collection, survey, and even informational purposes.

32. The only two exemptions in the TCPA for robotexts to cell phone numbers are prior express consent of the called party or an emergency purpose. And neither exemption applies to Defendant Patrick's unwanted and unauthorized robotexts. There was never any consent from the Plaintiff for such robotexts to be made to his cellular telephone number and the robotexts were not made for any emergency purpose.

<u>TEXAS BUSINESS AND COMMERCE CODE</u>

33. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates any of the rules of the TCPA or any provision under the CFR implementing the TCPA. Unwanted and unauthorized robotexts made to cellular telephone numbers without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a separately quantifiable and actionable injury under TB&CC §305.053. The Texas Statute prohibition on robotexts without consent of the called party or an emergency purpose applies to all calls including robotexts regardless of content.

34. The Defendant Patrick and his robotext blaster knew that they were sending robotexts to someone that had previously aand on numerous occasions opted out of the robotexts.

<u>COMMON LAW</u>

## TRESPASS TO CHATTELS

35. The element for a claim of trespass to chattels is an intentional interference with another person's lawful possession of a personal and private property. See Restatement 2nd Torts §217. In order to have a trespass to chattel claim, one is required to show that there was an intent to trespass on private property, there was no consent to trespass and the trespass dispossessed the owner of the chattel, used or meddled with the chattel belonging to another person and interfered with the chattel belonging to another person.
36. Generally, an entity will be held liable for a trespass to chattel if the entity dispossessed the private property without consent of the rightful owner. The Defendant Patrick disposed Plaintiff of his cell phone and intentionally used Plaintiff's cell phone for their own purposes.
37. A dispossession may be committed by intentionally taking a chattel from the possession of another without the others consent. Liability ensues when the trespasser dispossesses the possessor of his chattel. See Restatement 2nd Torts §221. Here the Defendant Patrick intentionally took possession of Plaintiffs cell phone and deposited an unwanted and unauthorized robotext on Plaintiff's cell phone.
38. There was never any attempt by Defendant Patrick to obtain Plaintiff's consent to trespass on Plaintiff's cell phone and

deposit unwanted and unauthorized robotexts on Plaintiff's cell phone. Therefore, the Defendant Patrick entered upon and remained upon Plaintiff's chattel to this day without having the privilege to do so which constitutes an ongoing trespass to Plaintiff's chattels.

INTRUSION UPON SECLUSION

39. One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another is subject to liability for the invasion of another's privacy, if the intrusion would be highly offensive to a reasonable person. See Restatement (2nd) of Torts, §652B. The element for a claim of intrusion to seclusion is an intentional intrusion upon seclusion, the intrusion is highly offensive to a reasonable person and the intrusion caused anguish or suffering. Liability attaches to the intrusion itself.

40. The right to privacy is recognized in the great majority of American jurisdictions. The Defendant Patrick's intentional intrusion on Plaintiff's privacy invaded Plaintiff's solitude and seclusion. The Defendant Patrick's robotexts are an intentional intrusion upon Plaintiff's solitude and seclusion. There was never any consent from the Plaintiff for Defendant Patrick to intrude on Plaintiff's solitude and seclusion.

<u>VIOLATIONS OF THE TCPA</u>

41. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

Count I

42. On September 15th, 2026 at 10:34 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Patrick or someone acting on his behalf using the Defendant Robotext Blaster ATDS. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697. Thus, the initiation of such robotext is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

Count II

43. On September 25th, 2026 at 10:03 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Patrick or someone acting on his behalf using the Defendant Robotext Blaster ATDS. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697. Thus, the initiation of such robotext is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

Count III

44. On October 1st, 2026 at 09:59 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697 The robotext was sent by the Defendant Patrick or someone acting on his behalf using the Defendant Robotext Blaster ATDS. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697. Thus, the initiation of such robotext is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

Count IV

45. On October 9th, 2026 at 10:45 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697 The robotext was sent by the Defendant Patrick or someone acting on his behalf using the Defendant Robotext Blaster ATDS. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697. Thus, the initiation of such robotext is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

VIOLATIONS OF TB&CC

46. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

Count V

47. On September 15th, 2026 at 10:34 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Patrick or someone acting on his behalf. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697 Thus, the initiation of such multimedia text message is a violation of TB&CC §305.053.

Count VI

48. On September 25th, 2026 at 10:03 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Patrick or someone acting on his behalf. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697 Thus, the initiation of such multimedia text message is a violation of TB&CC §305.053.

Count VII

49. On October 1st, 2026 at 09:59 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Patrick or someone acting on his behalf. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-

8697 Thus, the initiation of such multimedia text message is a violation of TB&CC §305.053.

Count VIII

50. On October 9th, 2026 at 10:45 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Patrick or someone acting on his behalf. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697 Thus, the initiation of such multimedia text message is a violation of TB&CC §305.053.

<u>COMMON LAW TORTS</u>

51. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

Trespass To Chattels

Count IX

52. On September 15th, 2026 at 10:34 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick intentionally interfered with and trespassed upon Plaintiff's lawful possession of his personal property. The Defendant Patrick did not have Plaintiff's consent to trespass upon and

seize Plaintiff's cell phone and deposit an unwanted and unauthorized robotext on Plaintiff's cell phone.

Count X

53. On September 25th, 2026 at 10:03 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick intentionally interfered with and trespassed upon Plaintiff's lawful possession of his personal property. The Defendant Patrick did not have Plaintiff's consent to trespass upon and seize Plaintiff's cell phone and deposit an unwanted and unauthorized robotext on Plaintiff's cell phone.

Count XI

54. On October 1st, 2026 at 09:59 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick intentionally interfered with and trespassed upon Plaintiff's lawful possession of his personal property. The Defendant Patrick did not have Plaintiff's consent to trespass upon and seize Plaintiff's cell phone and deposit an unwanted and unauthorized robotext on Plaintiff's cell phone.

Count XII

55. On October 9th, 2026 at 10:45 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick intentionally interfered with and trespassed upon Plaintiff's lawful possession of his personal property. The Defendant Patrick did not have Plaintiff's consent to trespass upon and seize Plaintiff's cell phone and deposit an unwanted and unauthorized robotext on Plaintiff's cell phone.

Intrusion upon Seclusion

Count XIII

56. On September 15th, 2026 at 10:34 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick intentionally intruded upon the solitude and seclusion of the Plaintiff. Defendant Patrick's intrusion upon Plaintiff's solitude and seclusion was and is highly offensive to any reasonable person.

Count XIV

57. On September 25th, 2026 at 10:03 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick

intentionally intruded upon the solitude and seclusion of the Plaintiff. Defendant Patrick's intrusion upon Plaintiff's solitude and seclusion was and is highly offensive to any reasonable person.

Count XV

58. On October 1st, 2026 at 09:59 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick intentionally intruded upon the solitude and seclusion of the Plaintiff. Defendant Patrick's intrusion upon Plaintiff's solitude and seclusion was and is highly offensive to any reasonable person.

Count XVI

59. On October 9th, 2026 at 10:45 a.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendant Patrick or someone acting on his behalf. The Defendant Patrick intentionally intruded upon the solitude and seclusion of the Plaintiff. Defendant Patrick's intrusion upon Plaintiff's solitude and seclusion was and is highly offensive to any reasonable person.

APPLICABLE TO ALL COUNTS

60. Plaintiff has suffered actual damages from the invasion of Plaintiff's privacy caused by the unwanted and unauthorized robotexts to his cellular telephone number. The TCPA and TB&CC each state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages and/or an injunction for violations of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages and an injunction prohibiting the Defendant Patrick and his robotext blaster from transmitting any more robotexts to Plaintiff's cell phone number 281-704-8697.

DAMAGES

61. Plaintiff seeks statutory damages of $500.00 for each violation of the TCPA and statutory damages of $500.00 for each violation of the TB&CC. Further, Plaintiff seeks treble damages for each violation of the TCPA and TB&CC. Additionally, Plaintiff seeks an award for exemplary damages under Common Law sufficient enough to deter the Defendant from engaging in the same behavior in the future which should at least be the same as the trebled amount under the TCPA and TB&CC.

PERMANENT INJUNCTIVE RELIEF

62. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A), TB&CC §305.053 and Common Law.

63. Plaintiff alleges that the Defendant Patrick and his Robotext Blaster will continue to irreparably harm Plaintiff by

continuing to transmit unwanted and unauthorized robotexts to Plaintiffs' cellular telephone number without prior express consent of the Plaintiff. Plaintiff alleges that Defendant Patrick and his Robotext Blaster will continue to irreparably harm Plaintiff by trespassing on his private property and his privacy without consent of the Plaintiff. Plaintiff alleges that Defendants Patrick and his Robocall Blaster will continue to irreparably harm Plaintiff by intentionally, oppressively and recklessly trespassing upon the private property of the Plaintiff and intentionally intruding on the privacy of the Plaintiff.

64. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A), TB&CC §305.053 and/or Common Law hereby seeks a permanent injunction barring the Defendant Patrick and his Robotext Blaster from continuing to violate the TCPA and Common Law by:

a. Making or assisting, facilitating, permitting or causing robotexts of any kind to be made to the cellular telephone number 281-704-8697 without the consent of the Plaintiff.

b. Trespassing upon the private chattels of the Plaintiff by making or assisting, facilitating, permitting or causing robotexts of any kind to be transmitted to Plaintiff's cellular telephone number 281-704-8697 without the consent of the Plaintiff.

c. Intruding on the seclusion of the Plaintiff by making or assisting, facilitating, permitting or causing robotexts of any kind to be transmitted to the Plaintiff's cellular telephone number 281-704-8697 without the consent of the Plaintiff.

PRAYER FOR RELIEF

65. WHEREFORE, premises considered, Plaintiff prays that the Defendant Patrick and his Robotext Blaster be cited to appear and answer herein and that upon trial hereof this Honorable Court grant statutory monetary damages, common law damages, grant a permanent injunction and grant any further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603
antitelemarketer@gmail.com